IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
TENNESSEE, WESTERN DIVISION

REALTY ACQUISITIONS, ET AL.,

    Plaintiffs,

v.                                                                                          2:12-cv-2477-STA-cgc

ABKA RE BEY, a/k/a TABITHA
RECBELLE GENTRY,

    Defendant.

**MEMORANDUM IN SUPPORT OF SEPARATE PLAINTIFFS' MOTION TO REMAND**

COME NOW separate Plaintiffs Realty Acquisitions, Marvin Fisher, Marcus Neal Hanna, Catherine Carter, and Michael Fisher (hereinafter "separate Plaintiffs"), by and through counsel, and pursuant to 28 U.S.C. § 1447, hereby move this Honorable Court for an order remanding the above referenced case to state court. In support thereof, separate Plaintiffs would show and state as follows:

**PROCEDURAL HISTORY**

1.    On May 30, 2012, Plaintiff Realty Acquisitions filed a forcible entry and detainer ("FED") warrant against Defendant in Shelby County General Sessions Court. (Doc. # 1-8). The Defendant is a resident citizen of Shelby County, Tennessee and the real property at issue is located in Shelby County, Tennessee. (Doc. # 1-8)

2.    On June 8, 2012, Defendant was served with the FED warrant. (Doc. # 1-8)

3.    On June 14, 2012, the Shelby County General Sessions Court entered a judgment against Defendant for possession of the premises and for $4,250, plus costs. (Doc. # 1-9). The

judgment indicates that it was based upon "a breach of contract for failure to pay rent." (Doc. # 1-9).

4. On June 18, 2012, which is after the judgment was entered, Defendant filed a document titled Legal Notice of Removal (hereinafter "Notice of Remval") (Doc. # 1). The Notice of Removal also purports to make a claim for compensatory and punitive damages against Realty Acquisitions and other persons and entities who were not originally parties to this lawsuit.

5. Due to the rambling and nonsensical content of the Notice of Removal and exhibits thereto, it is difficult, if not impossible, to determine the alleged basis for the removal of this lawsuit from state court. However, as there are no legal grounds that would make removal proper in this case, it is clear that this case should be remanded.

## LAW AND ARGUMENT

I. **MOTION TO REMAND**

  A. **Standard of Review**

The federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Further, 28 U.S.C. § 1441(a) states that any matter which may have been originally brought in federal court, but is filed in state court, may be removed by defendants to federal district court.

The right to remove is purely statutory, and pursuant to 28 U.S.C. §1447, a case may be remanded for any defect in the removal procedure. Since federal jurisdiction arising under removal statutes encroach and infringe upon state sovereignty, the federal statutes pertaining to removal are narrowly construed in favor of state court jurisdiction and *any doubts or ambiguities are to be resolved in favor of remand.* Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); see also

First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 462 (6th Cir. 2002); Her Majesty the Queen v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). Moreover, courts have recognized that a plaintiff's right to choose his or her forum is more pronounced than a defendant's right of removal. Griffin v. Holmes, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, the burden is on the removing party to demonstrate that federal jurisdiction exists. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97–98 (1921).

    B.    Argument

In the present case, the underlying action is a breach of contract/eviction proceeding in Shelby County General Sessions Court. (Doc. # 1-9). Although it is extremely difficult to decipher the relief requested by Defendant in the Notice of Removal, it is clear that her complaints stem from the eviction efforts of Plaintiff Realty Acquisitions. Thus, the legal issues in dispute clearly do not involve federal questions which would allow removal under 28 U.S.C. § 1441(c).

Moreover, Defendant has provided no basis for this Court to determine that diversity of citizenship jurisdiction applies. Moreover, as Defendant is a resident of Tennessee, removal could never be proper based on diversity. See 28 U.S.C. § 1441(b). Finally, the original lawsuit is a landlord tenant dispute and the amount in controversy is only $4,250, which is significantly less than the $75,000 threshold required for diversity jurisdiction. Accordingly, removal is not proper under 28 U.S.C. § 1441(b).

Similarly, this action was not brought against a foreign state (28 U.S.C. § 1441(d)), federal employees or agencies (28 U.S.C. § 1442), or members of the armed forces (28 U.S.C. § 1442A), nor is this a civil rights action (28 U.S.C. § 1443) or a foreclosure action against the United States (28 U.S.C. § 1444). Accordingly, removal is not proper under any of these statutory provisions.

In short, Defendant has provided absolutely no basis for this case to have been removed to federal court. Defendant has failed to meet her burden to show why this case should be removed, and this Honorable Court should enter an order remanding the action back to state court. Defendant's removal of this action was done in bad faith and is nothing more than a delay tactic in order to prevent the eviction. Consequently, separate Plaintiffs request fees and expenses, including attorney's fees, be awarded to them pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

BAILEY & GREER, PLLC


s/ Thomas R. Greer
Thomas R. Greer (#24452)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax:    (901) 680-0580

## CERTIFICATE OF SERVICE

I, Thomas R. Greer, do hereby certify that a true and accurate copy of the foregoing has been upon the following persons via U.S. Mail on June 25, 2012.

Abka Re Bey a/k/a Tabitha Recbelle Gentry
3156 Cromwell Avenue
Memphis, TN 38118

s/ Thomas R. Greer
Thomas R. Greer