IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
TENNESSEE, WESTERN DIVISION

REALTY ACQUISITIONS, ET AL.,

    Plaintiffs,

v.                                                             2:12-cv-2477-STA-cgc

ABKA RE BEY, a/k/a TABITHA
RECBELLE GENTRY,

    Defendant.

**SEPARATE PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

      COME NOW Plaintiffs Realty Acquisitions, Marvin Fisher, Marcus Neal Hanna, Catherine Carter, and Michael Fisher (hereinafter "Separate Plaintiffs"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move this Honorable Court for an order dismissing this case. In support thereof, Separate Plaintiffs would respectfully show and state as follows:

**PROCEDURAL HISTORY**

    1.    On May 30, 2012, Plaintiff Realty Acquisitions filed a forcible entry and detainer ("FED") warrant against Defendant in Shelby County General Sessions Court. (Doc. # 1-8). The Defendant is a resident citizen of Shelby County, Tennessee, and the real property at issue is located in Shelby County, Tennessee. (Doc. # 1-8)

    2.    On June 8, 2012, Defendant was served with the FED warrant. (Doc. # 1-8)

    3.    On June 14, 2012, the Shelby County General Sessions Court entered a judgment against Defendant for possession of the premises and for $4,250, plus costs. (Doc. # 1-9). The

judgment indicates that it was based upon "a breach of contract for failure to pay rent." (Doc. # 1-9).

4.   On June 18, 2012, which is after the judgment was entered, Defendant filed a document titled Legal Notice of Removal (hereinafter "Notice of Removal") (Doc. # 1). The Notice of Removal also purports to make a claim for compensatory and punitive damages against Separate Plaintiffs and other persons and entities who were not originally parties to this lawsuit.

5.   Due to the rambling and nonsensical content of the Notice of Removal and exhibits thereto, it is difficult, if not impossible, to determine the alleged basis for the removal of this lawsuit from state court. However, as there are no legal grounds that would make removal proper in this case, it is clear that this case should be remanded. Accordingly, Separate Defendants filed a Motion to Remand and Memorandum in Support on June 25, 2012. (Doc. # 5 and # 6).

6.   It is unclear whether the Notice of Removal and various other pleadings filed by Defendant are sufficient to even require Separate Plaintiffs to file a responsive pleading. However, out of an abundance of caution, and without waiving any objections to service of process or any other affirmative defenses that may be available, Separate Plaintiffs now file this Motion to Dismiss and Memorandum in Support thereof as a responsive pleading to Defendant's putative counter-claims contained in the Notice of Removal.

**I.   Standard of Review**

In the landmark case of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562–63 (2007), the United States Supreme Court dramatically altered the pleading standard in federal court. During the fifty years preceding Twombly, courts employed a liberal standard for determining the sufficiency of a pleading. See Conley v. Gibson, 355 U.S. 41 (1957). Under this earlier standard, the Supreme Court held that "a Complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45–46. Twombly effectively retired the "no set of facts" standard established in Conley. Twombly, 550 U.S. at 562–63.

In Twombly, an antitrust case, the plaintiff alleged in its complaint that the defendants "ha[d] entered into a contract, combination or conspiracy to prevent competitive entry into their . . . markets and have agreed not to compete with one another." Id. at 551. The plaintiff further alleged that the agreement was unlawful. Id. The issue before the Court was whether the plaintiff complied with the requirements of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 555. The Supreme Court ultimately held that the plaintiff's assertion that the agreement was unlawful was a "legal conclusion" and was therefore not entitled to an assumption of truth. Moreover, the Court found that the plaintiff had not plead sufficient facts to support the claim.

Therefore, the Supreme Court ultimately held that the complaint failed to state a cause of action. In so doing, the Court reasoned that the "no set of facts" language from Conley "left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. In further contrast to the standard set forth in Conley, the Twombly court made clear that the plaintiff must show grounds for relief which are "plausible," as opposed to possible. Moreover, the Supreme Court recognized the plaintiff's "obligation to provide the 'grounds' of his 'entile[ment]' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

Following Twombly, there was considerable confusion among practitioners and courts as to whether this new pleading standard would apply across the board or should be limited to antitrust

actions. Any ambiguity and conflict was laid to rest with the Supreme Court's holding in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Iqbal was a civil rights action brought against various federal officials, including former Attorney General John Ashcroft. Id. at 1943. The question presented in Iqbal was whether the plaintiff "plead factual matters that, if taken as true, states a claim that petitioners deprived him of his clearly established Constitutional rights." Id. The Supreme Court held that Mr. Iqbal's complaint was insufficient. Id. The Supreme Court further made clear that the heightened pleading standard set forth in Twombly applied to any and all civil actions. Iqbal relied heavily on the language from Twombly by reaffirming that mere "labels and conclusions" or a "formulaic recitation of the elements" would not suffice. Id. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550 U.S. at 557).

     Iqbal also provides helpful guidance for courts to use when considering a motion to dismiss. Id. at 1950. The two-pronged approach should begin with the court "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. If the complaint is comprised of only mere conclusions and is void of any factual statements to support the conclusions, the case must be dismissed. For instance, it is not sufficient for a complaint to simply assert that the defendant breached a contract unless the complaint also contains well-plead factual statements to support the allegation. Next, assuming that a court can identify factual allegations, "the court should assume their veracity and then determine whether they plausibly given rise to an entitlement to relief." Id. If the factual assertions do not plausibly give rise to an entitlement of relief, the case must be dismissed.

I.    **Argument**

The Notice of Removal (Doc. # 1) filed by Defendant purports to request relief against the original Plaintiff, as well as several other parties who were not previously named in the lawsuit, by demanding $75,000 for compensatory and $75,000 for punitive damages.  There are no facts in the Notice of Removal, however, to support the requested relief, and no explanation whatsoever as to why Defendant is legally entitled to the requested relief.  The Notice of Removal is simply a series of nonsensical, bizarre statements, and there are absolutely no facts or law contained in the Notice of Removal which create a cause of action against Separate Plaintiffs.  In fact, the Notice of Removal is so difficult to understand, it would be impossible for Separate Plaintiffs to know how to answer and defend the allegations.  In short, the Notice of Removal does not "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.

Respectfully submitted,

BAILEY & GREER, PLLC


s/ Thomas R. Greer
Thomas R. Greer (#24452)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax:    (901) 680-0580

## **CERTIFICATE OF SERVICE**

  I, Thomas R. Greer, do hereby certify that a true and accurate copy of the foregoing has been upon the following persons via U.S. Mail on July 7, 2012.

Abka Re Bey a/k/a Tabitha Recbelle Gentry
3156 Cromwell Avenue
Memphis, TN 38118

                s/ Thomas R. Greer
                Thomas R. Greer