IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| REALTY ACQUISITIONS, et al., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 12-2477-JTF/cgc |
| ABKA RE BEY a/k/a TABITHA RECBELLE GENTRY, | ) ) ) ) | |
| Defendant. | ) ) | |

ORDER DIRECTING CLERK TO CORRECT THE DOCKET
(ECF NO. 5)
ORDER REMANDING CASE TO SHELBY COUNTY GENERAL SESSIONS COURT
AND
ORDER DENYING MOTION TO DISMISS AS MOOT DUE TO REMAND
(ECF NO. 8)

On June 18, 2012, Defendant Abka Re Bey a/k/a Tabitha Recbelle Gentry filed a Notice of Removal that purported to remove an action styled Realty Acquistions, et al. v. Abka Re Bey a/k/a Tabitha Recbelle Gentry, No. 1560508, from Shelby County General Sessions Court.[1] (ECF No. 1.) Bey also filed a motion seeking leave to proceed in forma pauperis. (ECF No. 2.) United States District Judge S. Thomas Anderson issued an order on June 2, 2012, granting leave to proceed in forma pauperis. (ECF No. 3.)

---

[1] The Notice of Removal lists as additional parties: Shelby County Court of General Sessions, Marvin Fisher, Marcus Neal Hanna, Judge Lynn Cobb, Catherine Carter, Micheal Fisher, and Bank of America. (See ECF 1 at 1.) Shelby County Court of General Sessions, Marvin Fisher, Marcus Neal Hanna, Judge Lynn Cobb, Catherine Carter, Micheal Fisher, and Bank of America are not parties to the action in the General Sessions Court of Shelby County, Tennessee. The Clerk is directed to correct the docket to terminate Shelby County Court of General Sessions, Marvin Fisher, Marcus Neal Hanna, Judge Lynn Cobb, Catherine Carter, Micheal Fisher, and Bank of America as parties to this action.

The Notice of Removal does not provide a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed 2d 391 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., Insurance Corp. of

Ireland, Ltd., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte"). A district court may address the issue of subject-matter jurisdiction of a removed case sua sponte. Probus v. Charter Communic'ns, LLC, 234 F. App'x 404, 406 (6th Cir. 2007). Although a district court may not remand a case sua sponte because of a procedural defect in the removal, Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir. 1995), a sua sponte remand for want of subject-matter jurisdiction is permitted, Lexington-Fayette Urban County Gov't Civil Serv. Comm'n v. Overstreet, 115 F. App'x 813, 816-17 (6th Cir. 2004).

The fact that a litigant is proceeding pro se does not absolve her from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 . . . (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521 . . . (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986 . . . (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237

3

>    (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings . . ., it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003)(affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The Court must consider whether some basis for federal jurisdiction is apparent from the face of the complaint. 28 U.S.C. § 1446(c)(4).

4

Defendant's various filings with this Court are unintelligible amalgamations of various acts, statutes, and legal concepts having no bearing on the issues presented. Although Defendant seeks to stop her forcible eviction for failure to pay rent, she has no constitutional claim for deprivation of property without due process if adequate state remedies are available to redress the deprivation. Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). State law remedies that are or were available to Bey clearly satisfy her due process rights.

Where a party has invoked state judicial remedies, Bey has the right to contest and seek judicial review in the state forum. If a state court has entered a judgment in favor of Plaintiff, Defendant may not attack the state court proceedings or judgment in a collateral proceeding in federal court. That would constitute obtaining review in this court of the decision of a Tennessee court.

The United States Supreme Court is the only federal court with jurisdiction to review any state court decision. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482, 103 S. Ct. 1303, 1311, 1315, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). "Under the Rooker-Feldman doctrine, a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in the United States district court, based on the

losing party's claim that the state judgment itself violated the loser's federal rights.'" Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 F. App'x 487, 489 (6th Cir. 2005) (per curiam); see also Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201, 163 L. Ed. 2d 1059 (2006) ("[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); Exec. Arts Studio v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004) (same), reh'g en banc denied (Feb. 25, 2005); Howard v. Whitbeck, 382 F.3d 633, 638 & n.3 (6th Cir. 2004) (same); cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005) (the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district-court proceedings commenced and inviting district court review and rejection of those judgments").

> The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." Coles v. Granville, 448 F.3d 853, 858 (6th Cir. 2006)). "If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

6

Additionally, the Rooker-Feldman doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003). Abbott v. Mich., 474 F.3d 324, 328 (6th Cir. 2007)internal citations & quotation marks omitted).

Furthermore, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967). Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Thus, to the extent that plaintiff might be attempting to challenge a state court ruling, she has also no claim.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

This Court lacks jurisdiction or must abstain from exercising any jurisdiction over Defendant's claims. Defendant may litigate her defenses to Plaintiff's detainer in state court. Plaintiff's motion for remand (ECF No. 5) is GRANTED. Pursuant to 28

U.S.C. § 1447(c), the Court hereby REMANDS the action to Shelby County General Sessions Court. The motion to dismiss (ECF No. 8) is DENIED as MOOT due to the remand.  The Clerk is directed to close this case without entry of judgment. The Clerk is directed to mail a certified copy of this order to the Clerk of the Shelby County General Sessions Court.

    Pursuant to 28 U.S.C. § 1447(d), "an order remanding a case to the State court from which it was removed is not reviewable on appeal." The §1443 exception to appellate review is inapplicable here.

    IT IS SO ORDERED this 29th day of October, 2012.

*s/John T. Fowlkes,Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE